John White, Esq., Bar # 1741
335 West First St.
Reno, NV 89503
775-322-8000
Fax: 322-1228
john@whitelawchartered.com
Attorney for Debtor/Defendant

E-Filed on February 22, 2006

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

SCOTT K. GREENE,

    Debtor

———————————

RENA WELLS,

  Plaintiff/Counterdefendant

vs

SCOTT K. GREENE,

  Defendant/Counterclaimant

Case No. BK-N 05-54727-gwz
Chapter 7

Adversary No: 06-5009

**ANSWER and COUNTERCLAIM**

COMES NOW DEFENDANT ("Greene"), above named, who, for answer to Plaintiff's ("Wells") complaint on file herein, admits, denies and alleges as follows:

1. Greene admits the allegations in paragraphs 1, 2, 3, 4 (except that Greene denies that Wells has filed a claim in this Case), 5, 6, 7 (except that Greene denies that he did so "unlawfully"), 8 (except that Greene denies that he "unjustly profited thereby"), 9, 11 and 12.

2. Green denies the allegations in paragraphs 10, 13 [except that Greene admits that the state court entered a default judgment against him on July 20, 2005 for non-payment of $23,692 in patent royalties due Wells, being the 9% royalty on gross sales claimed by Wells in her state court complaint[1], trebled under applicable patent law (35 U.S.C. Sec. 284), plus $45,600 in attorney's fees and $244.99 in costs], 14, 15, and 16.

3. Greene has been forced to hire counsel by reason of the unwarranted complaint and is entitled to a reasonable attorney fee by reason thereof, as well as his costs of suit.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The complaint is barred by the doctrine of res judicata.

3. The complaint is barred by the doctrine of collateral estoppel.

4. Wells is estopped from bringing this complaint in the interest of judicial economy.

5. Wells unsuccessfully asked the state court to base its judgment on fraud. That court having refused to do so, she has waived her right to take another bite of the apple in this Court, and otherwise waived her rights herein.

6. All representations alleged in the complaint to have been made by Greene were believed to be true by Greene when made.

7. Wells in no instance relied upon the representations alleged of Greene in the complaint, nor does the complaint allege that she did so, reasonably or otherwise.

8. The complaint does not allege that any of the representations alleged of Greene therein were made with the intent and purpose of deceiving Wells.

9. The complaint is fatally deficient in that it does not allege fraud with sufficient or reasonable particularity.

10. The complaint is frivolous.

WHEREFORE Greene prays as set forth below:

---

[1] See paragraph 21 of Wells' third party complaint and paragraph 7 of her amended third party complaint.

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

## COUNTERCLAIM

Comes now Greene, who counterclaims against Wells, as follows:

1. The Court has jurisdiction to hear this counterclaim pursuant to 28 U.S.C. Section 157(b)(2)(F). This is a core proceeding.

2. That Greene filed his voluntary petition herein on October 15, 2005.

3. That, as alleged in paragraph 12 of Wells' complaint, she recorded a money judgment for some $116,922.64 with the Washoe County Recorder on July 21, 2005, less than 90 days prior to the filing of this Case, causing a judgment lien on property which Greene, as debtor, could have exempted under 11 U.S.C. Sec. 522(b), being Greene's homestead (450 Alamosa Dr., Sparks, NV 89436).

4. That Wells' recordation of this judgment was not in the ordinary course of business of either Wells or Greene and is a voidable preference under the provisions of 11 U.S.C. Sec. 547(b) and not within any of the preference exceptions of Sec. 547(c).

4. That the trustee has not sought to recover this preference.

5. That Greene could have exempted such property under the provisions of Sec. 522(g)(1) if the trustee had avoided the transfer.

6. That pursuant to 11 U.S.C. Sec. 522(h), Debtor has standing to bring this preference action.

Wherefore, Greene prays as follows:

1. That Wells take nothing by her complaint and that it be dismissed, with fees and costs to Greene as may be allowed by law.

2. That Wells July 21, 2005 recordation of her judgment against Greene be set aside and held for naught as an avoidable preference.

3. For such other and further relief as to this Court may seem meet and proper.

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

|   |   |
|---|---|
| Dated: February 22, 2006. | WHITE LAW CHARTERED<br><br>_____<br>By: John White |

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4